928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fred J. WILKIE, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 90-3474.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1991.
 
 MSPB
 AFFIRMED.
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Fred J. Wilkie (Wilkie) appeals the final decision of the Merit Systems Protection Board (Board) in Docket Number BN07529010008 sustaining his demotion from the position of Supervisory General Engineer, GM-801-14, to Civil Engineer, GS-812-13. We affirm.
 
 OPINION
 
 2
 Wilkie was demoted by the Department of the Air Force because of his alleged (1) insubordinate defiance of authority, refusal to comply with proper orders, and insolence; (2) making false, malicious and unfounded statements against a co-worker with the intent to damage or destroy her reputation, authority and official standing; (3) deliberately discriminating against a co-worker by making sexist slurs and acting in an insulting manner toward that co-worker; and (4) careless workmanship and neglect of duties.
 
 
 3
 The Administrative Judge (AJ) in his Initial Decision of February 7, 1990, which became final on July 9, 1990, when the Board denied Wilkie's petition for review, sustained each of the allegations against Wilkie. Wilkie does not challenge the findings of the AJ on the merits of the allegations. Instead, Wilkie contends that he was deprived of a fair hearing because the AJ denied Wilkie's pretrial motions to compel answers to certain interrogatories and appearances under subpoenas of certain potential witnesses.
 
 
 4
 The AJ found Wilkie's motions essentially argumentative, not designed to obtain relevant information, not in compliance with Board procedures, and, with respect to proffered witnesses, repetitious.
 
 
 5
 Under 5 C.F.R. Sec. 1201.71, the AJ has the duty to allow discovery that will produce relevant information necessary to prepare a case. Under 5 C.F.R. Sec. 1201.81(b), subpoenas may issue, inter alia, only upon a showing of general relevance, and under 5 C.F.R. Sec. 1201.41(b) the AJ can properly exclude proffers of repetitious or irrelevant evidence or testimony.
 
 
 6
 The AJ's evidentiary rulings are subject to reversal only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 7703(c) (1988); Hambsch v. Department of Treasury, 796 F.2d 430, 435 (Fed.Cir.1986).
 
 
 7
 Wilkie bears the burden of establishing the relevancy and absence of repetitiousness of proferred evidence or testimony that is ruled inadmissible by the AJ. Because he failed to carry his burden, both before the AJ and here, the decision of the Board is affirmed.